Maria Crimi Speth  (012574)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
mcs@jaburgwilk.com
(602) 248-1000

Attorneys for Plaintiff


Michael R. Graham
Scott A. Sanderson
Matthew Ciesielski
**MARSHALL, GERSTEIN & BORUN**
6300 Willis Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 474-6300 (telephone)

Attorneys for Plaintiff
Moab Industries. LLC
(Pro hac vice to be filed)

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Moab Industries, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Chrysler Group, LLC,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiff, Moab Industries, LLC alleges as follows:

**JURISDICTION AND VENUE**

1.  This is an action for injunctive relief, damages, and attorney fees and costs for violation of the Lanham Act, 15 U.S.C. § 1051 et seq., common law, and related state law claims.

16806-001/MCS/dag/1036738v1

2. This Court has original jurisdiction over the trademark and federal unfair competition claims herein pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

3. This Court has supplemental jurisdiction over the state law claims and common law claims herein under the provisions of 28 U.S.C. § 1367(a). Said claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), because both Defendant and Plaintiff do business, and Defendant has a place of business, in this judicial district and because a substantial part of the acts giving rise to the claims asserted herein occurred and are occurring in this judicial district.

5. Defendant is subject to the personal jurisdiction of this Court because Defendant regularly conducts business in the jurisdiction and committed a tortious act within this State and Defendant is a corporation doing business within this State.

## THE PARTIES

6. Plaintiff, Moab Industries, LLC, is an Arizona corporation with a principal place of business at 820 East Sheldon Street, Prescott, Arizona.

7. Upon information and belief, Defendant, Chrysler Group, LLC, is a Delaware corporation with its principal place of business at 1000 Chrysler Drive, Auburn Hills, Michigan.

## FACTS COMMON TO ALL COUNTS

### Moab Industries' Use and Registration of Its MOAB INDUSTRIES Name and Trademarks

8. Plaintiff, Moab Industries, is in the business of customizing motor vehicles to create off-road performance vehicles.

9. Plaintiff, through its predecessor-in-interest, John Silvernale, doing business as Moab Industries, (collectively referred to as "Plaintiff"), adopted MOAB INDUSTRIES as a trade name and MOAB and MOAB INDUSTRIES as trademarks (the

1  "Trademarks") for its customized vehicles and vehicle customization services and began
2  using the trademarks in commerce at least as early as March 4, 2005.

3      10.    Among the vehicles most frequently brought to Moab Industries for
4  customization are JEEP-branded vehicles manufactured by Defendant. Moab Industries
5  also purchases and customizes vehicles, including JEEP-brand vehicles, for resale.

6      11.    Plaintiff has used the word marks MOAB and MOAB INDUSTRIES in the
7  marketing and sale of the aforementioned goods and services since at least as early as
8  March 4, 2005. Pages from Moab Industries' website and photographs of converted
9  vehicles showing use of the MOAB and MOAB INDUSTRIES trademarks are attached as
10 Exhibit A.

11     12.    Moab Industries offers its goods and services through in-person sales,
12 partnerships with automobile dealers, other traditional channels of commerce, and by
13 means of a website located at <www.moabindustries.com>.

14     13.    As a result, the Trademarks have become widely and favorably known
15 among potential clients, customers, and automobile industry representatives as identifying
16 Moab Industries as the source of automotive customization and enhancement services and
17 customized vehicles.

18     14.    Because of Moab Industries' advertising, marketing and sales efforts over
19 more than seven years, the T trademarks have achieved a reputation for high-quality
20 services and safe, high-quality, customized automobiles and related parts produced and
21 sold by Moab Industries.

22     15.    The Trademarks have, as a result of these efforts and client and customer
23 recognition, become well-known among the public and potential customers.

24     16.    The Trademarks have become famous in the state of Arizona based upon the
25 degree of inherent or acquired distinctiveness of the Trademarks in this state, the duration
26 and extent of use of the Trademarks in connection with the goods and services with which
27 the Trademarks are used, the duration and extent of advertising and publicity of the
28 Trademarks in this state, the geographical extent of the trading area in which the

3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Trademarks are used, the channels of trade for the goods or services with which the Trademarks are used, and the degree of recognition of the Trademarks in the trading areas and channels of trade in this state.

17. Moab Industries has registered its MOAB INDUSTRIES trademark on the Principal Register of the U.S. Patent and Trademark Office. Registration No. 3,912,705 was granted on February 1, 2011, for the following goods and services:

> Automotive conversion services, namely, installing specialty automotive equipment, in International Class 37

based on first use anywhere and first use in commerce of March 4, 2005. A copy of this registration is attached hereto as Exhibit B.

18. Pursuant to § 22 of the Lanham Act, 15 U.S.C. § 1072, Moab Industries' federal registration constitutes constructive notice of its ownership of the MOAB INDUSTRIES trademark.

**Defendant And Its Adoption And Use Of The Trademarks**

19. Upon information and belief, Defendant is an automobile manufacturer with world-wide sales and dealerships and sales representatives throughout the United States and abroad, including the state of Arizona.

20. Notwithstanding Moab Industries' longstanding and well-known use of the Trademarks and MOAB INDUSTRIES trade name, and Moab Industries' prior common law and statutory rights in this trademark and name, Defendant adopted and began to use the name and trademark MOAB as a trademark for a particular model of its JEEP-branded vehicles in interstate commerce.

21. Defendant adopted and has used the MOAB trademark with knowledge of Moab Industries' use of its trademark with the intent to trade on Moab Industries' goodwill in its name and trademarks.

22. Defendant currently is using the name and trademark MOAB for vehicles in interstate commerce and on its website at <www.jeep.com>. Copies of relevant pages

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

16806-001/MCS/dag/1036738v1

from Defendant's website and photographs showing Defendant's use of MOAB on its JEEP-branded vehicles are attached as Exhibit C.

23. Upon information and belief, Defendant offers and provides under the MOAB trademark goods and services which are closely-related and virtually identical to those offered by Moab Industries under the Trademarks. Defendant further offers its goods and services to the same potential customers as does Moab Industries.

24. Defendant's use of the MOAB trademark is without the permission or authority of Moab Industries.

25. Defendant's use of the MOAB trademark and name creates a likelihood of confusion with the Trademarks, causing customers to believe that Defendant's goods and services are offered, sponsored, or approved by Moab Industries.

**Moab Industries' Challenge Of Defendant's Use Of MOAB**

26. In addition to Defendant's constructive notice of Moab Industries' rights in its trademark, Defendant also had actual knowledge of the Trademarks and the manner in which Moab Industries was using them. Various representatives of Defendant's corporate office and dealerships have had conversations and communications with Plaintiff's founder, John Silvernale, and other employees of Moab Industries, visited its Arizona premises, and viewed its products and services there and at automobile industry trade-shows.

27. In March and April 2011, Silvernale exchanged multiple email messages with David Erickson, one of Defendant's regional managers in the southwestern United States, about Moab Industries' products and services and its interest in exploring joint business ventures with Defendant. In those messages, Silvernale made clear that Moab Industries regards MOAB INDUSTRIES as its trademark.

28. On April 19, 2011, Erickson sent an email message to Silvernale, noting that he had forwarded Silvernale's earlier messages describing Moab Industries' business to "several people within the Corporation."

5

29. On May 1, 2011, Erickson met with Silvernale and viewed a 2007 JEEP WRANGLER Unlimited customized by Moab Industries and bearing its MOAB and MOAB INDUSTRIES trademarks.

30. On September 12, 2012, Silvernale learned of Defendant's unveiling of a Jeep Moab Edition at an automotive trade-show in Las Vegas. With this knowledge, Silvernale called Erickson, who acknowledged that Defendant was offering a JEEP® MOAB Edition, and that Defendant's product reminded him of Moab Industries.

31. Moab Industries began communicating its concerns to Erickson over this use of its trademarks beginning in September 2012, when it first learned of Defendant's use of the MOAB trademark in relation to Defendant's JEEP products.

32. When Defendant failed to respond to any of these contacts, counsel for Moab Industries wrote Defendant to provide notice of Moab Industries' rights in the Trademarks and requested that Defendant cease and desist from using the MOAB trademark.

33. Moab Industries has demanded that Defendant cease and desist from the use of MOAB as part of any trademark or trade name.

34. Despite its knowledge of Moab Industries' rights in the Trademarks, Defendant continues to use the MOAB trademark and name in relation to its products.

### Defendant's Attempted Registration Of MOAB

35. On June 13, 2012, Defendant filed, on an intent-to-use basis, a trademark application for MOAB in connection with "motor vehicles, namely, passenger automobiles, their structural parts, trim and badges" (the "Application") with the United States Patent & Trademark Office ("USPTO")  The Application is attached as Exhibit D.

36. On September 3, 2012, the USPTO issued an office action denying the Application on the grounds that the Defendant's use of MOAB in connection with the goods described in the Application is likely to cause confusion with Plaintiff's Registration No. 3,912,705.  The office action is attached as Exhibit E.

6

37. Despite its knowledge that the USPTO has determined that the use of MOAB in connection with the goods described in the Application is likely to cause confusion with Plaintiff's Registration No. 3,912,705, Defendant has used MOAB in connection with the goods described in the Application.

**COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT**

38. Moab Industries hereby incorporates and re-alleges all paragraphs of this Complaint as if fully set forth herein.

39. This is an action arising under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40. This Court has subject matter jurisdiction over this count pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

41. Defendant's unauthorized use of the designation MOAB to advertise and promote its goods and services is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its goods and services are those of Moab Industries or are associated with or sponsored or approved by Moab Industries.

42. Defendant's unauthorized use of the designation MOAB constitutes a commercial use in interstate commerce.

43. As a result of Defendant's unlawful acts, Moab Industries has suffered, and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

44. Defendant's aforesaid acts constitute trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

45. On information and belief, Defendant has willfully engaged in the aforesaid acts of infringement, and continues to do so.

**COUNT 2 – FEDERAL UNFAIR COMPETITION**

46. Moab Industries hereby incorporates and re-alleges all paragraphs of this Complaint as if fully set forth herein.

47. This is an action arising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

48. This Court has subject matter jurisdiction over this count pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

49. Defendant's unauthorized adoption, maintenance and use of the designation MOAB to advertise and promote its goods and services is likely to cause confusion, deception, and mistake with Moab Industries and its MOAB and MOAB INDUSTRIES trademarks, creating the false and misleading impression that Defendant's goods and services are those of Moab Industries, or are affiliated, connected or associated with, or have the sponsorship, endorsement or approval of Moab Industries.

50. Defendant's unauthorized adoption, maintenance and use of the designation MOAB constitutes a false designation of origin which is likely to cause confusion, to cause mistake and to deceive members of the trade and public as to the affiliation, connection or association of Defendant with Moab Industries, and as to the origin, sponsorship, or approval of Defendant's goods and services by Moab Industries.

51. Defendant's unauthorized adoption, registration, maintenance and use of the designation MOAB constitutes a commercial use in interstate commerce.

52. As a result of Defendant's unlawful acts, Moab Industries has suffered, and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

53. Defendant's aforesaid acts constitute unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. On information and belief, Defendant has willfully engaged in the aforesaid acts of infringement.

## COUNT 3 – A.R.S. §44-1448.01

55. Moab Industries hereby incorporates and re-alleges all paragraphs of this Complaint as if fully set forth herein.

56. The Trademarks have become famous in the State of Arizona.

57. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

8

58. Defendant's use of the MOAB trademark causes dilution of the distinctive quality of the Trademarks.

## COUNT 4 – COMMON LAW UNFAIR COMPETITION

59. Moab Industries hereby incorporates and realleges all paragraphs of this Complaint as if fully set forth herein.

60. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

61. Defendant's unauthorized adoption, maintenance and use of the MOAB trademark is likely to cause confusion, deception, and mistake with the Trademarks by creating the false and misleading impression that its products and services are those of Moab Industries, or are affiliated, connected or associated with Moab Industries, or have the sponsorship, endorsement or approval of Moab Industries.

62. As a result of Defendant's unlawful acts, Moab Industries has suffered, and continues to suffer, substantial damages and irreparable injury, which damages and injury cannot be accurately computed at this time.

63. In creating confusion as to the source of Plaintiff's goods, Defendant's aforesaid acts constitute unfair competition under the common law of Arizona.

64. On information and belief, Defendant has willfully engaged in the aforesaid acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Moab Industries prays:

1. That Defendant, its agents, servants, employees, and attorneys and those persons in active concert or participation with the Defendant, be preliminarily and permanently enjoined and restrained:

    a. From using MOAB as part of any trademark, service mark, trade name, web site address, or any portion thereof, or any other designation, either alone or in combination with any other components, which is confusingly similar to the Trademarks; and

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

      b.    From otherwise infringing upon the Trademarks, and from otherwise unfairly competing with Moab Industries in any manner whatsoever.

2. That Defendant be ordered:

      a.    To deliver up for destruction all of the packaging, labels, signage, advertising, website coding, and promotional materials and any other items bearing the MOAB trademark in the Defendant's possession, custody, or control;

      b.    To file with this Court and serve on Moab Industries, ten (10) days after the date of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. That an accounting and judgment be rendered against Defendant for all gross profit received by Defendant, and any damages sustained by Moab Industries on account of Defendant's trademark infringement and unfair competition, and that such amount be trebled as provided by 15 U.S.C. § 1117;

4. That Moab Industries recover from Defendant its costs in this action, and that the Court declare this an exceptional case and award Moab Industries its reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117;

5. That Moab Industries has such other and further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests that all issues in this case be decided by a jury.

/ / /

/ / /

/ / /

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

16806-001/MCS/dag/1036738v1

DATED this 7th day of December, 2012.

        **JABURG & WILK, P.C.**

        /s/ Maria Crimi Speth
        Maria Crimi Speth
        Attorneys for Plaintiff
        Moab Industries, LLC

        **MARSHALL, GERSTEIN & BORUN**

        Michael R. Graham
        Scott A. Sanderson
        Matthew Ciesielski

        6300 Willis Tower
        233 South Wacker Drive
        Chicago, Illinois 60606
        (312) 474-6300 (telephone)
        (312) 474-0448 (facsimile)

        Attorneys for Plaintiff
        Moab Industries. LLC
        (*Pro hac vice* to be filed)

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

16806-001/MCS/dag/1036738v1